**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Thomas Giarrizzo, Jr.,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-0692** |
| **v.** : | **(JUDGE MANNION)** |
| **Mount Air Casino & Resort,** : | |
| **Defendant** : | |
| : | |

## <u>MEMORANDUM</u>

Presently before this court is the defendant's motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 13).

## I.    BACKGROUND

This case arises out of the November 8, 2012 termination of the plaintiff, Thomas Giarrizzo, Jr., by the defendant, Mount Air Casino & Resort. The plaintiff worked in the defendant's environmental services department starting in April 2012. (Doc. No. 1, ¶4). The plaintiff's 82-year-old father underwent a colon operation on September 27, 2012, resulting in the removal of part of his intestines. (Id., ¶49). His father remained hospitalized until October 19, 2012, when he was released to the plaintiff's care. (Id., ¶50). His father was a fall risk, (Id., ¶26), and needed assistance in walking, dressing, monitoring his medication intake, and general hygiene. (Id., ¶54). After his father moved into the plaintiff's home, the plaintiff notified his supervisor of his father's medical

condition and requested November 1 and 2, 2012, off from work to care for him. (Doc. No. 1, ¶51-52). The supervisor approved this leave on October 13, 2012. The plaintiff was not scheduled to work the following two days, November 3 and 4, 2012.

On October 29, 2012, the plaintiff reported to work at approximately 3:00 PM. As the day went on, he became concerned for his father's safety because of an impending storm (more commonly known as "Super Storm Sandy") that began impacting the area that afternoon. He was informed by a member of the defendant's staff that state officials were closing several highways around his workplace at approximately 7:00 pm. (Id., ¶19). He also learned that his home, where his father was living, was in an area that had lost power. (Id., ¶26). Unable to find the head supervisor, he contacted his immediate supervisor, who he informed that he was leaving early due to concerns for his and his father's safety. (Id., ¶31). The plaintiff requested that the immediate supervisor advise the head supervisor of his reasons for leaving. He punched out and left at approximately 8:16 PM. (Id., ¶30).

The plaintiff alleges that he left several messages for the head supervisor letting him know he left work early because of the storm and the situation with his father, (Doc. No. 1, ¶36), and that he was attempting to find

someone to cover his shift on October 30, 2012. On November 2, 2012, the defendant suspended the plaintiff pending an investigation into the reasons for his early departure on October 29, 2012. (Id., ¶37). The plaintiff was subsequently terminated on November 8, 2012. (Id., ¶38).

## II.    PROCEDURAL HISTORY

This case was commenced in the Court of Common Pleas, Monroe County, Pennsylvania, on February 19, 2013. (Doc. No. 1). The defendant removed the case to this court on March 15, 2013 and filed a motion to dismiss three days later. (Doc. No. 3). Plaintiff filed an amended complaint on April 19, 2013, (Doc. No. 10), and as a result the pending motion to dismiss was dismissed without prejudice. (Doc. No. 11). The instant motion to dismiss and brief in support were filed on May 1, 2013. (Doc. No. 13, 14). The plaintiff filed his brief in opposition on May 14, 2013. (Doc. No. 15). The defendant filed its reply brief on May 28, 2013. (Doc. No. 16). The matter is now ripe for the court's decision.

## III.    STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions

of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

4

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007)*. The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).* However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).*

## IV.    DISCUSSION

When a plaintiff claims that he was discharged in retaliation for taking leave covered under the FMLA, he must demonstrate that "(1) he took an FMLA leave, (2) he suffered an adverse employment decision, and (3) the adverse decision was causally related to his leave." *Conoshenti v. Public*

*Service Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004). "Eligible employees are entitled to take FMLA if they 'care for' a family member with a 'serious health condition.'" *Lichtenstein v. University of Pittsburgh Medical Center*, 691 F.3d 294, 300 (3d Cir. 2012)(quoting 29 U.S.C. §2611(11)). A serious health condition, as defined by the FMLA, "means an illness, injury, impairment, or physical or mental condition that involves: (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C.§2611(11). "Inpatient care mean an overnight stay in a hospital, hospice, or residential medical care facility." 29 C.F.R. §825.114.

An employee must provide either actual physical care or psychological care, "including 'psychological comfort and reassurance which would be beneficial to a . . . patent with a serious health condition who is receiving inpatient or home care.'" *Lichtenstein*, 691 F.3d at 300 (quoting 29 C.F.R. §825.124(a)). When such leave is unforeseeable, as in this case, employees are required to notify their employer "as soon as practicable," 29 C.F.R. §825.303(a), and "provide sufficient information for an employer to reasonably determine whether the FMLA may apply." 29 C.F.R. §825.303(b). "When an employee seeks leave due to a qualifying reason, for which the employer has

previous provided the employee FMLA protected leave, the employee must specifically reference either the qualifying reason for leave or the need for FMLA leave." *Id.* "The critical question is how the information conveyed to the employer is reasonably interpreted" and the information needs to be evaluated "under the circumstances to [determine whether] the employee seeks leave under the FMLA." *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 402 (3d Cir. 2007).

The defendant argues that the plaintiff's notice was insufficient to trigger FMLA and, even if notice was proper, there is nothing to show that the care provided to his father was necessary. (Doc. No. 14). Turning first to the issue of notice, the defendant relies mainly on *Jacobs v. York Union Rescue Mission Inc.*, 2013 WL 433327 (M.D.Pa. 2013), in urging this court to find a lack of notice to the employer. In that case, the court granted the defendant's motion to dismiss, finding that "the complaint fails to set forth any facts or allegations regarding the substance and form of [the plaintiff's] notice to [the employer]." *Id.* at *4. Here the plaintiff claims that he communicated his father's condition to his head supervisor in early October, 2012, and told another supervisor one of his reasons for leaving on October 29, 2012, was his father's safety. These allegations distinguish the instant case from *Jacobs*.

In *Lichtenstein*, the Third Circuit determined there was sufficient notice to raise a triable issue of fact when an employee told her employer she was leaving work early because her mother was brought to the emergency room in an ambulance. 691 F.3d at 306. Here, the plaintiff previously informed a supervisor of his father's medical condition and he specifically mentioned his father's safety when leaving work early. Further, he conveyed this same information to his head supervisor via telephone messages later that same day. (Doc. No. 1). *See* 29 C.F.R. §825.303(b)(requiring employee to notify employer of specific reason for subsequent FMLA leave if employer has previously approved FMLA leave for the same reason). In light of those communications, the plaintiff has alleged sufficient facts to allow "an employer to '*reasonably* determine whether FMLA *may* apply.'" *Lictenstein*, 691 F.3d at 304 (quoting 29 C.F.R. §825.303(b))(emphasis in original).

Contrary to defendant's argument, the plaintiff does not need to demonstrate that he was the only person who could have provided care for his father. "The FMLA regulations expressly state that '[t]he employee need not be the only individual or family member available to care for the family member.'" *Id.* (quoting 29 C.F.R. §825.303(b)). The plaintiff's father was hospitalized for a period of approximately 23 days after a significant surgery,

8

had been released from the hospital just 10 days prior, and required the plaintiff's assistance to accomplish basic needs, including dressing, hygiene, and medication intake. (Id., ¶54). Beyond physical care, FMLA covers care that would provide psychological comfort and reassurance to a person suffering from a serious health condition. *Lictenstein*, 691 F.3d at 306. Given his father's immobility and medical risks, the power outage, and the severe weather, there are sufficient factual allegations in the complaint to demonstrate his care was necessary for both physical and psychological support in light of his father's diminished physical capacity.

Finally, the defendant argues that there are insufficient factual allegations to demonstrate a causal connection between his termination and the FMLA leave. "When the 'temporal proximity' between the protected activity and the adverse action is 'unduly suggestive,' this is sufficient standing along to create an inference of causality and defeat summary judgment." *Lichtenstein*, 691 F.3d at 307 (quoting *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007)). In *Lictenstein*, the Third Circuit held there was sufficient temporal proximity to survive a motion for summary judgment when the plaintiff was terminated seven days after taking FMLA leave. *Id.* Plaintiff alleges that on November 2, 2012, he was suspended

pending an investigation for leaving work early on October 29, 2012 and he was terminated on November 8, 2012. (Doc. No. 10, ¶37-38). The plaintiff's suspension was an adverse employment decision that came four days after he requested FMLA leave. Moreover, plaintiff claims that the reason for his suspension and eventual termination was his early departure from work on October 29, 2012. (Id.). *See Lichtenstein*, 691 F.3d at 307 (holding that the employer's admission that absences, including FMLA absences, were a contributing factor in employee's termination raised issue of material fact regarding causation). Both the temporal proximity and other claims of causation contained in the complaint are sufficient to survive a motion to dismiss.

## V. Conclusion

For the foregoing reasons, the defendant's motion to dismiss is **DENIED**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: October 31, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0692-01.wpd